UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| DALLAS ROBINSON | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 18-2489-CM |
| | ) | |
| KVC PRAIRIE RIDGE VALLEY HOSPITAL, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## **ORDER**

Plaintiff has filed a motion seeking to commence and proceed with this case without prepayment of fees pursuant to 28 U.S.C. § 1915 ("IFP application") (ECF No. 3), with an accompanying affidavit of financial status. The court has reviewed plaintiff's application and affidavit, and finds that supplementation of the documents is necessary.

Section 1915 of Title 28 of the United States Code allows the court to authorize the commencement of a civil action "without prepayment of fees or security therefor, by a person who submits an affidavit that . . . the person is unable to pay such fees or give security therefor." However, "[p]roceeding in forma pauperis in a civil case is a privilege, not a right—fundamental or otherwise."[1] In considering a request to proceed in forma

---

[1] *Green v. Suthers*, 208 F.3d 226, at *2 (10th Cir. 2000) (quoting *White v. Colo.*, 157 F.3d 1226, 1233 (10th Cir. 1998)).

1

pauperis, the court will compare an applicant's monthly income and cash on hand to her monthly expenses and financial obligations.[2] The decision to grant or deny in forma pauperis status under § 1915 lies within the sound discretion of the trial court.[3]

In plaintiff's financial affidavit submitted in support of plaintiff's IFP application, plaintiff fails to complete the section asking the amount of money in plaintiff's checking and savings accounts. And although plaintiff states on page 2 that plaintiff receives Medicaid benefits, plaintiff does not state the amount of those benefits in response to a question on page 4. The absence of this information prevents the court from making an informed decision about whether the waiver of court costs and fees is justified. Plaintiff is therefore ordered to file a supplemental financial affidavit by **September 28, 2018**. The supplemental affidavit should include the amount of plaintiff's cash on hand and monthly Medicaid income (if any), as well as any other matter which might be pertinent to the court's determination of whether to allow plaintiff to proceed in forma pauperis. Following receipt of the supplemental affidavit, the court will consider plaintiff's IFP application.[4]

A copy of this order shall be mailed to plaintiff by certified and regular mail.

---

[2] *See Heady v. Wendy's/Arby's Group, Inc.*, No. 11-1151, 2011 WL 3889247, at *1 (D. Kan. Sept. 2, 2011) (citing cases).

[3] *Azzun v. Kan. Dep't of Health and Env't,* No. 09-4144, 2009 WL 5171778, at *2 (D. Kan. 2009) (citing *Cabrera v. Horgas*, No. 98-4231, 1999 WL 241783, at *1 (10th Cir. Apr. 23, 1999)).

[4] Should plaintiff fail to timely file the supplemental affidavit, the motion to proceed in forma pauperis will be denied and plaintiff will be directed to pay the court's filing fee.

IT IS SO ORDERED.

Dated September 13, 2018, at Kansas City, Kansas.

s/ James P. O'Hara  
James P. O'Hara  
U.S. Magistrate Judge

3

O:\ORDERS\18-2489-CM-order for supp.docx