**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

DALLAS ROBINSON, )
)
        Plaintiff, )
)
v. )
) Case No. 18-2489-CM-JPO
KVC PRAIRIE RIDGE VALLEY )
HOSPITAL, ET AL., )
)
        Defendants. )
)

## MEMORANDUM AND ORDER

Pro se plaintiff Dallas Robinson brings this action in forma pauperis against defendants KVC Prairie Ridge Valley Hospital ("KVC"), unspecified "Nurses," and "Doctor Naveed." This matter is before the court on defendants' Motion to Dismiss (Doc. 13).

Plaintiff's complaint, which will be discussed in detail below, alleges that an incident occurred involving KVC near the end of 2017 or early 2018.[1] (Doc. 1, at 3.) Plaintiff claims her eye has been injured since this incident and demands at least $500,000 in damages. (Doc. 1, at 4.) The complaint includes a business addresses for KVC, but no address was provided for any of the other named defendants. Magistrate Judge O'Hara ordered plaintiff to provide addresses for all defendants no later than October 12, 2018, so the Clerk could continue with service of process. (Doc. 7.) Plaintiff did not provide additional addresses. Nevertheless, a summons was issued to KVC on September 26, 2018. A summons was not issued to defendants "Nurses" and Doctor Naveed.

---

[1] The court notes that the gender of the plaintiff is unclear from the record. Documents filed both by the court and the defendants are inconsistent in their use of "his" and "her" pronouns. A representative from the Office of the Clerk of the Court spoke to plaintiff on the phone, noting they advised "her" to file a Notice of Change of Address. Further, plaintiff's complaint specifies defendant KVC's "girls-adolescents" specialty. Accordingly, the court will use female pronouns such as "her," "she" etc. when referencing the plaintiff. No disrespect is meant if these are inaccurate.

-1-

Defendants filed this motion and accompanying memorandum on October 22, 2018. Plaintiff did not respond to the motion. On December 10, the Clerk of the Court received a call from plaintiff, stating that she needed to change her own address. The Clerk advised her to file a Notice of Change of Address.

On December 27, 2018, this court ordered plaintiff to show cause no later than January 11, 2019 as to why the motion should not be considered unopposed. (Doc. 15.) Plaintiff did not respond to that order. On January 8, 2019, Judge O'Hara issued an order noting plaintiff had used different addresses when filing two separate cases and ordered her to provide the court with a correct address no later than January 22, 2019. (Doc. 16.) Plaintiff did not provide the court with a correct address. Accordingly, this motion will be considered uncontested. *See* D. Kan. Rule 7.4 ("Absent a showing of excusable neglect, the court will consider and decide the motion as an uncontested motion.").

## I.    Factual Background

Plaintiff alleges that she was "disrespected by multiple staff [presumably at KVC] around October, November, December, January of 2017–2018." (Doc. 1, at 3.) She claims a "PRN injection" was placed in her eyedrops "between the dates of 10/21/2017–11/3/2017." She also claims she went back to KVC on 11/3/2017 to obtain proof that something was put in the eyedrops. She did not state whether she received that proof. Since the incident, she claims her "eye has been hurting horribly" and "it will cost a lot to get it fixed or maybe even replaced." (Doc. 1, at 4.) She demands at least $500,000 for damages from the incident.

Defendants argue that plaintiff's complaint should be dismissed because it fails to state a claim under Fed. R. Civ. P. 12(b)(6) and, additionally, defendants "Nurses" and Doctor Naveed must be dismissed for insufficient service of process. (Doc. 14, at 1.) For the reasons set forth below, the court grants defendants' motion and dismisses all defendants from the case.

**II.     Rule 12(b)(5)**

   **a. Legal Standard**

The court will first consider whether the defendants were properly served. Federal Rule of Civil Procedure 12(b)(5) governs motions to dismiss for insufficient service of process. "If service of process is insufficient under Federal Rule of Civil Procedure 4, a federal court is without personal jurisdiction over that defendant." *Rivera v. Riley Cnty. Law Bd.*, No. 11-cv-02067-JAR-JPO, 2011 WL 4686554, at *2 (D. Kan. Oct. 4, 2011) (citing *Blackmon v. U.S.D. 259 Sch. Dist.*, 769 F. Supp. 2d 1267, 1273 (D. Kan. Feb 15, 2011). "Once a defendant challenges service of process in a motion to dismiss under 12(b)(5), the burden falls on the plaintiff to show she has satisfied the statutory and due process requirements with service of process." *Id.*

   **b. Discussion**

As noted above, Judge O'Hara ordered plaintiff to provide addresses for all defendants prior to October 12, 2018. Plaintiff did not provide these addresses or otherwise respond to that order. The defendants argue that individual defendants "Nurses" and defendant Doctor Naveed must each be dismissed from the case and cannot be forced to respond to these allegations because a summons was never issued and plaintiff failed to respond to the court's order directing her to provide an address for these defendants. (Doc. 14, at 3.) The court agrees.

Under the burden-shifting analysis described above, this court lacks personal jurisdiction over defendants "Nurses" and Doctor Naveed. Defendants have challenged service of process as to those defendants under Rule 12(b)(5), placing the burden on the plaintiff to show service of process was proper. A summons was never issued as to defendants "Nurses" and Doctor Naveed. Judge O'Hara even ordered plaintiff to provide addresses for these defendants so a summons *could* be issued, but plaintiff never did so. Further, plaintiff did not file a response to this motion, thus failing to answer the

defendants' challenge. This court cannot exercise personal jurisdiction over defendants "Nurses" or Doctor Naveed because a summons was never issued to them and cannot be issued because plaintiff failed to provide a proper address.

For these reasons, the court grants defendants' Motion to Dismiss for Insufficient Service of Process pursuant to Federal Rule of Civil Procedure 12(b)(5) as to defendants "Nurses" and Doctor Naveed, and defendants "Nurses" and Doctor Naveed are dismissed from this action.

### III. Rule 12(b)(6) Motion

#### a. Legal Standard

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted, a complaint must present factual allegations that "raise a right to relief above the speculative level" and must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 555, 570 (2007). The allegations must be enough that, if assumed to be true, the plaintiff plausibly, not merely speculatively, has a claim for relief. *Robbins v. Oklahoma*, 519 F.3d 1242, 1247–48 (10th Cir. 2008). "'Plausibility' in this context must refer to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the [plaintiff 'has] not nudged [her] claims across the line from conceivable to plausible.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).

Pro se pleadings are entitled to a more liberal construction than that of a trained lawyer. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *see also Hall v. Witteman*, 584 F.3d 859, 863 (10th Cir. 2009). However, the Tenth Circuit "has repeatedly insisted that pro se parties follow the same rules of procedure that govern other litigants." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (brackets and internal quotation marks omitted). Pro se litigants are still required to comply with the minimal standards of notice pleading required by Rule 8(a). *See Betts v. Allied*

*Cementing Co.*, No. 89-2236-S, 1989 WL 118509, at *1 (D. Kan. Sep. 19, 1989). Further, it is not the court's function to assume the role of the pro se litigant and create arguments or theories. *See Meyer v. City of Russell, Kan. Police Dep't*, No. 12-1178-SAC, 2012 WL 4867379, at *2 (D. Kan. Oct. 15, 2012).

### b. Discussion

Because the court lacks personal jurisdiction over defendants "Nurses" and Doctor Naveed due to insufficient service of process, the court must only analyze the Motion to Dismiss for Failure to State a Claim under Rule 12(b)(6) as to defendant KVC.

Plaintiff checked the box labeled "Personal Injury-Medical Malpractice" on the court-provided Civil Cover Sheet, filed with the Complaint. (Doc. 2.) Plaintiff claims that an unidentified individual placed a "PRN injection" in her eyedrops between 10/21/2017 and 11/3/2017. To the extent these allegations attempt plead a claim for medical malpractice, even when construed broadly, they do not plausibly do so.

Plaintiff did not provide the necessary facts needed for the court to find this claim plausible. Plaintiff failed to identify where this alleged malpractice occurred. KVC is named as a defendant, but the complaint does not specifically allege these events occurred at KVC. If it occurred at KVC, she failed to state why she was there or if she was a patient there. She did not state how many times she allegedly received the PRN injection in her eyedrops. She is only able to provide a rough estimate of the date(s) on which the incident(s) may have occurred. She failed to identify the individual who allegedly committed this act. She failed to state why she was receiving eyedrops at all or how she became aware that a PRN injection was placed in the eyedrops. She failed to state whether this PRN injection was part of her prescribed medical treatment or not.

Instead, plaintiff only provided conclusory allegations that someone violated her body and well-being and that someone allegedly put PRN injections in her eyedrops. Even if plaintiff's eye is injured, the complaint does not plausibly, or even speculatively, establish that it was a result of eyedrops or improper actions of KVC under a medical malpractice theory or any other tort theory.

The complaint alleges various other grounds for relief and unclear causes of action. For example, plaintiff indicated this claim arises under 28 U.S.C. § 1343,[2] a civil rights statute. Plaintiff failed to plead any facts at all that might indicate a civil rights violation occurred.

Under the section of the court's civil complaint form titled "Other grounds" that may give rise to relief, Plaintiff wrote "my well-being/false accusations [sic] Also violating my body doing harm to my body abuse [sic]." She then later claims she was "disrespected" by staff at KVC and that they allegedly tainted her eyedrops. These general, conclusory statements do not set forth any conceivable cause of action, do not give the defendants notice of what the plaintiff's claim actually is, and encompass a wide variety of innocent actions. *See Robbins v. Okla. ex rel. Dep't of Human Svs.*, 519 F.3d 1242, 1247 (10th Cir. 2008) ("if [allegations] are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.'") (quoting *Twombly*, 550 U.S. at 570). It is not the court's position to create arguments or theories for the plaintiff when it cannot identify any cause of action from the allegations.

Even liberally construed, plaintiff's complaint fails to state any claim for which relief can be granted. As a result, this complaint must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

---

[2] This court has an independent duty to assure that subject matter jurisdiction exists. *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195 (1990). Because all parties are located in Kansas, federal question jurisdiction is the only form of jurisdiction this court could have over this case. This court has federal question jurisdiction over "civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Plaintiff indicated her claim might arise under this federal statute, but the court determines that she does not allege any facts that would state a claim under this statute. The court therefore also lacks subject matter jurisdiction over this case, and alternatively dismisses the case for this reason, too.

**IT IS THEREFORE ORDERED** that defendants' motion to dismiss for insufficient service of process and failure to state a claim (Doc. 13) is **GRANTED**.  The court dismisses all claims without prejudice, and judgment shall be entered in favor of defendants and against plaintiff.

The case is closed.

Dated this 23rd day of April, 2019, at Kansas City, Kansas.

s/ Carlos Murguia
**CARLOS MURGUIA**
**United States District Judge**
